# CHARLESTON.

S. J. LOVERN, ADMR., *v.* WILLIAM DAMRON *et al.*

Submitted October 16, 1923.     Decided December 18, 1923.

1.  ACTION—*Dropping of Cause from Trial Docket by Clerk no Evidence of Abandonment.*

    The dropping of a cause from the trial docket by the clerk of a court, without an order of court, pursuant to section 8 of chapter 127 of the Code, is not evidence of an intention to abandon the cause. (p. 279).

2.  CONTINUANCE—*All Causes on Docket Ready for Hearing, Not Determined, Continued Until Next Term.*

    All causes on the docket, matured and ready for hearing, which are not determined before the end of a term, are, by section 12 of chapter 114 of the Code, continued until the next term. (p. 279).

3.  TRIAL—*Any Cause Ready for Final Hearing May be Disposed of at Any Term, Although Omitted from Trial Docket.*

    Any cause matured and ready for final hearing, may be taken up and disposed of at any term of the court, although through negligence or inadvertence such cause may have been omitted from the trial docket for that term. (p. 280).

Appeal from Circuit Court, Mingo County.

Action by Elizabeth Clay, revived in the name of S. J. Lovern, administrator, against William Damron and others. Decree for defendants, and plaintiff appeals.

*Reversed and remanded.*

*Stafford & Rhodes,* for appellant.
*James Damron,* for appellees.

MILLER, PRESIDENT:

This suit was brought returnable to April rules, 1915, by Elizabeth Clay against William Damron and others. By an order entered October 23, 1915, the cause was revived in the name of S. J. Lovern, administrator of the personal estate of the said Elizabeth Clay, shortly after the death of the original plaintiff.

The record shows that plaintiff's bill was filed at April rules, 1915, and at May rules was taken for confessed, and the cause set for hearing. In her bill plaintiff alleged that she had been endorser on a note made by defendant Damron; that defendant failed and refused to pay said note; that suit was brought by the payee thereof, and judgment rendered against her and defendant; that defendant refused to pay off and satisfy an execution on said judgment; and that she was compelled to pay the same. By the prayer of her bill she asked to be subrogated to the rights and remedies of the payee of said note, and that she be granted a decree against Damron therefor, and that the lien of said judgment upon certain real estate mentioned in the bill be enforced by a sale thereof for her benefit.

Because of the disqualification of the circuit judge to hear and determine the cause nothing was done therein until January 20, 1916, when defendant Damron filed his answer to the original bill. Depositions were taken by plaintiff on May 31, 1918, and filed in the cause. On April 25, 1921, the disqualified judge having retired, his successor entered a decree granting plaintiff the relief prayed for and appointing a commissioner to rent or make sale of the property mentioned in the bill.

On December 30, 1921, defendant William Damron filed

his bill of review, alleging certain irregularities in the proceedings in the cause, and praying to have reviewed reversed and set aside the decree entered on April 25, 1921. The order filing said bill of review recites that plaintiff in the orignal bill by his counsel demurred to the bill of review and moved to strike the same, and that upon the overruling of the demurrer and motion to strike, counsel stated in open court that they did not desire to answer said bill of review, and that upon motion of said Damron for submission of the bill of review on the demurrer and motion to strike, the cause was submitted to the court for final decision, counsel for plaintiff Lovern assenting thereto; and the commissioner was enjoined from further proceedings.

An order entered in the cause on January 7, 1922, recites that on that day counsel for plaintiff Lovern appeared specially and moved to set aside the order of December 30, 1921, upon the ground that the facts stated therein were not true, and that they did not appear and interpose a demurrer to the bill of review, and did not consent to a submission of the cause, and that they did desire to answer said bill; which motion not being resisted by counsel for defendant Damron, it was ordered and decreed that the decree of December 30, 1921, be set aside, vacated and held for naught.

On January 24, 1922, defendant Damron filed his petition, praying that the decree of April 25, 1921, be vacated and set aside, upon the ground, among other things, that at the time said decree was entered he was residing in Cincinnati, and had been informed and believed that plaintiff had abandoned the suit; that the cause was not upon the trial docket for that term of court and had not been upon the docket since the September term, 1919, and that he was not called upon and was not then present; and that therefore no decree could be entered against him in the cause. On the same day the court entered an order vacating and seting aside the decree of April 25, 1921 reciting therein that it appeared from the petition, affidavits and court records that the cause was not set for hearing at the time the said decree was entered, and that it was entered with the belief that the cause was properly on the trial docket and that

there would be no objection to the entry thereof.   From this order plaintiff has appealed.

Plaintiff's contention is that the circuit court was without jurisdiction or authority to enter the decree of January 24, 1922, and that the cause was properly upon the docket when the decree of April 25, 1921, was entered.   The record does not show any order in the cause dropping it from the docket, nor is there any evidence of a discontinuance thereof. Section 8 of chapter 127 of the Code, in force at the time of the entering of the decree of April 25, 1921, was as follows: "Any court in which there is pending any case wherein for more than four years, there has been no order or proceeding but to continue it, may, in its discretion, order such a case to be struck from its docket; and it shall thereby be discontinued."   Defendant does not, in his petition, allege that the cause had ever been dropped from the docket by an order of the court; though he alleged in his former bill of review, that during the year 1918, the plaintiff by counsel appeared in open court and moved the court to dismiss the cause, and that in pursuance of such motion, the circuit clerk dismissed it and noted the same on the chancery trial docket.   Such action by the clerk would not, or course, be sufficient to dismiss the cause or drop it from the court's docket.   Besides, it appears that the cause was on the September 1919 docket.   In *Hough* v. *Watson,* 91 W. Va. we held that the dropping of a cause from the docket without an order of court, under section 8 of chapter 127 of the Code, is not evidence of an intention to abandon the cause, as without such order all causes stand continued, as provided by section 12 of chapter 114 of the Code.   *Buster* v. *Holland,* 27 W. Va. 510; *Telephone Company* v. *Railway Company,* 76 W. Va. 120.   Section 12 of chapter 114 of the Code provides: "All causes upon the docket of any court, and all matters ready for decision which shall not have been determined before the end of a term, whether regular, adjourned or special, shall, without any order of continuance, stand continued until the next term."   And we have held that the failure

of the clerk to keep a cause on the court docket until finally disposed of, caused solely by his negligence, will not prejudice the rights of the litigants. *Taylor* v. *Taylor,* 76 W. Va. 469. See also, *Telephone Co.* v. *Railway Co., supra; Hough* v. *Watson, supra.* If this cause was omitted from the docket during the year 1920, it was not by any order of the court, for no such order appears in the record. If the cause did not appear on the trial docket for the April 1921 term of court, it was omitted therefrom by the clerk without authority. When the final decree in the cause was entered, the case was matured for final hearing so far as plaintiff was concerned. While defendant had answered, there was a general replication to his answer. In his answer he denied material allegations of the bill, and attempted to set up affirmative matter in defense; but he filed no proof. Plaintiff's depositions were filed in the year 1918. In fact, in his petition, defendant alleges that at the September term, 1918, a special judge was selected and agreed upon to hear, try and decide the cause, and that in pursuance of said agreement the special judge so selected took all the papers, orders and decrees, and the depositions taken in the cause, and proceeded to hear and determine the same, and that a finding was made adverse to the plaintiff, but no decree was entered by the special judge. Defendant had no right to assume that plaintiff had abandoned the suit, as he alleges in his petition. He was bound to take notice that the cause was pending. As the record stood at the time of the decree of April 25, 1921, plaintiff was clearly entitled to a final determination of the questions involved in the cause.

As no error appears in the proceedings to which a bill of review would lie, we are of opinion to reverse the decree appealed from, and to remand the cause to the circuit court for the execution of the decree of April 25, 1921.

*Reversed and remanded.*